UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MICHAEL ROBERT COX | Case No. 6:23-cv-01744-MK |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| CASSONDRA NICHOLE COX | |
| Defendant. | |

**KASUBHAI,** United States Magistrate Judge:

*Pro se* Plaintiff Michael Cox brings this action against Defendant Cassondra Cox and moves to proceed *in forma pauperis* ("IFP"). EFC Nos. 1, 2. For the following reasons, Plaintiff's motion to proceed IFP (ECF No. 1) is GRANTED. However, the Clerk of the Court

Page 1 — **FINDINGS & RECCOMENDATION**

shall not issue process until further order of the Court because Plaintiff's Complaint is DISMISSED with leave to amend.

## BACKGROUND

Plaintiff brings a claim for defamation of character.[1] Compl. at 2, ECF No. 2. He alleges that Defendant knowingly, intentionally, and maliciously provided false information to obtain a restraining order against him. *Id.* at 2–4. Plaintiff alleges that the restraining order, obtained without evidence or proof, violated his constitutional rights to freedom of movement and freedom to live without illegally obtained court ordered restrictions. *Id.* at 2. He seeks $250,000 for alleged financial, mental, and emotional harm. *Id.* at 3–5. Plaintiff indicates that he and Defendant have Oregon addresses. *Id.* at 1–2.

## DISCUSSION

### I.      IFP Application

A review of Plaintiff's application reveals Plaintiff is unable to afford the costs of this litigation. *See* ECF No. 1. Accordingly, the IFP application is GRANTED. However, as explained in more detail below, the Complaint is DISMISSED with leave to amend.

### II.     Mandatory Screening

#### A.      Standards

Pursuant to 28 U.S.C. § 1915(e)(2), Congress has mandated that district courts screen IFP applications and dismiss any case that is frivolous or malicious, or fails to state a claim upon which relief may be granted. In determining the sufficiency of a *pro se* complaint, the court must be mindful to construe it liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (in

---

[1] The caption of Plaintiff's Complaint states "COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (PISONER COMPLAINT)". *Id.* at 1. However, Plaintiff does not allege suit against a government official. *Id.* at 2.

assessing whether a complaint fails to plead a claim, the court must accept all factual allegations as true); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996) (allegations of material fact are taken as true and construed in the light most favorable to plaintiff).

In addition, a complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing the pleader is entitled to relief." However,

> [w]hile a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of [their] "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Twombly*, 550 U.S. at 555 (citations altered). The Supreme Court has emphasized that, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions—which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted—and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. In short, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.*

Article III § 2 of the United States Constitution limits the kinds of cases that can be heard in federal court. In other words, federal courts are courts of limited jurisdiction. *See Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotation marks omitted). As such, a federal court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*,

511 U.S. 375, 377 (1994) (citations omitted); *see also Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). An objection that a particular court lacks subject matter jurisdiction may be raised by any party, *or by the court on its own initiative*, at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1). The Court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) (noting that when a court lacks subject-matter jurisdiction, meaning it lacks the statutory or constitutional power to adjudicate a case, the court must dismiss the complaint, even *sua sponte* if necessary).

  **B.**  **Analysis**

  The Court lacks subject matter jurisdiction, and the suit should be dismissed, with leave to amend, because Plaintiff has not plausibly alleged a claim arising under federal law and has not alleged diversity of citizenship between the parties.

  Federal district courts have subject matter jurisdiction over federal question cases and diversity cases. 28 U.S.C. §§ 1331 and 1332. A federal question exists when the plaintiff's claim arises under federal law. 28 U.S.C. § 1331. In this context, federal law includes (1) the United States Constitution, (2) federal statutes, rules, and regulations, or (3) international treaties to which the United States is a contracting state. *Id.* A case has diversity jurisdiction when the amount in controversy exceeds $75,000 and the suit is between citizens domiciled in different states. 28 U.S.C. § 1332(a); *see Bennett v. Kinney*, No. 15-CV-02200-JSW, 2015 WL 6847911, at *2 (N.D. Cal. Nov. 9, 2015) ("citizenship is determined by domicile, not residence"), *citing Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Under 42 U.S.C. § 1983, a plaintiff may sue for the "deprivation of any rights, privileges, or immunities secured by the Constitution[.]" However, to state a claim for relief under § 1983, the plaintiff must allege that the defendant was acting under color of state law. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Generally, private parties are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991).

Plaintiff alleges that the restraining order denied him of his constitutional rights. *Compl.* at 4. However, Plaintiff does not allege that Defendant is a state actor or that she was acting under color of law when she allegedly made false accusations against him. Accordingly, Plaintiff fails to plausibly state a claim for the alleged violation of his constitutional rights. Plaintiff's claim for defamation of character is a state law claim and does not arise under federal law. Plaintiff has not alleged that the parties are citizens of two different states and, in fact, seems to indicate that all parties are citizens of Oregon. Because Plaintiff has not plausibly alleged a claim that raises a federal question and has not alleged diversity of citizenship between the parties, the Court lacks subject matter jurisdiction and the Complaint must be dismissed.

### C.     Leave to Amend

Ordinarily *pro se* litigants are given leave to amend. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623–24 (9th Cir. 1988). But if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment," leave to amend need not be given. *Id.* (internal quotation marks omitted).

Because it is not clear that the Complaint could not be cured by amendment, the Court will permit Plaintiff an opportunity to amend the Complaint to address the above-outlined deficiencies. Plaintiff is warned that a failure to file an amended complaint as ordered will result in the dismissal of this action with prejudice.

## CONCLUSION

For the reasons explained above, Plaintiff's motion to proceed IFP (ECF No. 1) is GRANTED. However, the Complaint is DISMISSED with leave to amend to cure, if possible, the deficiencies outlined above. Plaintiff has thirty (30) days from the date of this Order to file an amended complaint. The Clerk of Court shall not issue process until further order of the Court.

DATED this 5th day of January 2024.

s/ Mustafa T. Kasubhai  
MUSTAFA T. KASUBHAI (He / Him)  
United States Magistrate Judge